UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALE BARKFELT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16CV62 JMB |
| | ) |
| TOM VILLMER, | ) |
| | ) |
| Respondent, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus, filed on a court-form for bringing claims under 28 U.S.C. § 2254. In actuality, petitioner's claims appear to relate to the execution of his sentence, and are more appropriately interpreted as ones brought pursuant to 28 U.S.C. § 2241.

Rule 4 of the Rules Governing Habeas Corpus Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas corpus petition if it plainly appears that the petitioner is not entitled to relief. As set forth in detail below, petitioner's claims will be denied, and no certificate of appealability shall issue.

**Background**

On May 8, 2013, petitioner Dale Barkfelt pled guilty to bank robbery, in violation of 18 U.S.C. § 2133(a) and (d), in the United States District Court for the Western District of Missouri while related charges[1] were pending against him in Missouri state court. *See United States v. Barkfelt*, Case No. 6:12-03044-01-CR-S-DGK (W.D.Mo. 2013). On November 19, 2013,

---

[1]Both petitioner's federal and state charges appear to relate to a bank robbery he committed in Greene County, Missouri, on or about April 9, 2012.

petitioner was sentenced to 115 months' imprisonment, followed by five years' supervised release.[2] *Id.*

After he was sentenced by the Federal District Court in the Western District of Missouri, federal authorities returned petitioner to state custody where he was being held on state charges of robbery in the first degree, two counts of armed criminal action and attempted robbery in the first degree. *See State v. Barkfelt*, Case No. 1231-CR01974-01 (31st Judicial Circuit, Greene County).

On December 6, 2013, petitioner pled guilty to each of the state charges, and he was found to be a prior and persistent offender. He was sentenced to ten years, to run concurrently with all existing state sentences[3], as well as "defendant's federal case." From a review of Missouri.Case.Net, it appears that petitioner was relinquished to state custody, or into the Missouri Department of Corrections, to begin serving his state sentence immediately. He is currently being held at Farmington Correctional Center, which lies within the jurisdiction and venue of this Court.

Before addressing petitioner's claims, it is important to address exactly when petitioner was taken into state custody and note exactly who had primary jurisdiction over petitioner. From

---

[2]The federal judgment was amended on November 25, 2013, to add additional conditions of supervised release.

[3]Petitioner was awaiting trial on a probation revocation in a separate state action at that time. *See State v. Barkfelt,* Case No. 1131-CR08018-01 (31st Judicial Circuit, Greene County). His original charge in this case was for tampering with a motor vehicle, which he pled guilty to, and he received a suspended execution of sentence ("SES") on March 30, 2012. Petitioner's probation was revoked after he was arrested for the crime related to the bank robbery. Petitioner's concurrent ten-year sentence pronounced in Case No. 1231-CR01974-01, encompassed his probation revocation charge as well. On that same date, however, petitioner's original charge of four years' imprisonment for the tampering with a motor vehicle charge, in Case No. 1131-CR08018-01, was reinstated. In his sentence, filed on December 6, 2013, it states that the four year state sentence was to run concurrent with the sentence received in Case No. 1231-CR01974-01 and petitioner's federal case.

a review of Missouri Case.Net, it is apparent that he was first taken into state custody immediately after the bank robbery occurred in April of 2012. Thus, the State of Missouri had primary jurisdiction over petitioner. *See, e.g., United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

Petitioner was taken into state custody when a warrant was served for his arrest by the Greene County Sheriff's Department on April 11, 2012, after he robbed the Great Southern Bank on or about April 9, 2012.[4] *See State v. Barkfelt,* Case No. 1231-CR01974 (31st Judicial District, Greene County). Petitioner was immediately arraigned in Greene County Court, however, his preliminary hearing was rescheduled due to federal charges being filed.

The United States District Court for the Western District of Missouri filed an indictment against petitioner on May 8, 2012, and on that same date Magistrate Judge James C. England entered an order authorizing the temporary transfer of custody to the United States Marshals in order to further a law enforcement investigation. *See United States v. Barkfelt,* Case No. 6:12-03044-01-CR-S-DGK (W.D.Mo. 2013). On September 26, 2012, Judge England issued a *writ of habeas corpus ad prosequendum* directed to the Sheriff of Greene County in order to produce petitioner to the Court. *Id.*

After petitioner was sentenced in the federal court, on November 19, 2013, the federal court executed a *writ of habeas corpus ad prosequendum* and returned petitioner to state custody. Petitioner was then prosecuted in Missouri state court for the crimes of robbery in the first

---

[4] The federal indictment states that the bank robbery occurred on April 9, 2012. However, the state documents indicate that the robbery occurred on or about April 5, 2012. For the purposes of this Memorandum and Order, the actual date of the robbery is not pertinent. The pertinent issue is whether the state or the federal government first took petitioner in custody. It is apparent that it was the state government that first took petitioner in custody.

degree, armed criminal action and attempted bank robbery. *See State v. Barkfelt*, Case No. 1231-CR01974-01 (31st Judicial Circuit, Greene County).

**Legal Standards**

Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc. *See* 28 U.S.C. § 2254. In contrast, 28 U.S.C. §§ 2241 and 2255 confer jurisdiction over the petitions filed by federal inmates.

Since "[t]he exact interplay between § 2241 and § 2255 is complicated, [and] an explication of that relationship is unnecessary for resolution of this [case]," *Cardona v. Bledsoe,* 681 F.3d 533, 535 (3d Cir.2012) (citing *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir.1997)), it is enough to state that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002).

As example, claims attacking plea agreements are raised in § 2255 motions. *See, e.g., Hodge v. United States,* 554 F.3d 372, 374 (3d Cir.2009); *United States v. Williams,* 158 F.3d 736, 737–40 (3d Cir.1998). On the other hand, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," for instance, by raising claims attacking the Bureau of Prisons ("BOP") calculation of his prison term or designation of his place of confinement if it yields a "quantum of change" in the level of his custody. *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir.2005) (quoting *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001)); *compare Ganim v. Fed. Bureau of Prisons,* 235 Fed.Appx. 882 (3d Cir.2007) (a change in the geographical locale of imprisonment cannot yield the requisite quantum of change).

## Discussion

Petitioner has filed his application for writ of habeas corpus on a petition used for submitting § 2254 claims for relief. However, a review of his claims reveals that he is challenging the execution of his federal and state sentences. Specifically, petitioner is asserting that his state ten-year sentence was supposed to run concurrently with his federal 115-month sentence. However, because he is serving time in a state institution instead of a federal institution, he alleges that he is not getting credit for his federal time and his state time. Thus, he asserts that he will have to serve both sentences consecutively, despite his state court judge sentencing him to concurrent sentences with his federal time. Such a claim is more properly brought pursuant to 28 U.S.C. § 2241, and the Court will analyze petitioner's claims pursuant to that statute.[5]

---

[5] To the extent petitioner is seeking to collaterally attack his state court conviction in federal court, he had to have brought his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 within one year after the state judgment of conviction, which he failed to do. *See* 28 U.S.C. § 2244(d). Petitioner was sentenced in Case No. 1231-CR01974-01 (31st Judicial Circuit, Greene County) on December 6, 2013. Although petitioner did not file a direct appeal, his one year statute of limitations began when his time for seeking such review expired. *See* 28 U.S.C. § 2244(d)(1)(A). In Missouri, a criminal defendant has thirty (30) days after a criminal judgment to file a direct appeal. *See* Mo. R. Crim. P. 81.05. Thus, petitioner's statute of limitations began to run on January 5, 2014, and it was not tolled during the 229 days it took until the post-conviction relief motion was filed (29.15 motion) on August 22, 2014. *See Barkfelt v. State*, Case No. 1431-CC01161 (31st Judicial District, Greene County); *Maghee v. Ault,* 410 F.3d 473, 475 (8th Cir. 2005) (The period between the completion of direct review of the state court judgment and the application for post-conviction relief is counted towards the one-year limitation period). Petitioner voluntarily dismissed his motion to vacate brought in state court on November 19, 2014; however, he did not file the instant petition for writ of habeas corpus until December 19, 2015, when he placed the petition in the prison mailing system at Farmington Correctional Center. Even assuming the 29.15 motion was "properly filed" between August 22, 2014 and November 19, 2014, *see Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006), petitioner's motion in this Court was filed 255 days late, if the instant application was to be interpreted as an application for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254.

## A. Petitioner's Claims Relating to the Primary Jurisdiction Doctrine

Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to service his federal sentence, not when the United States takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction. *See United States v. Hayes*, 535 F.3d 907, 909-10 (8th Cir. 2008); *see also*, 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006) (sentence begins when received into custody for purpose of serving sentence, not when received into custody at an earlier time on a writ for the purpose of adjudicating federal claims).

The first sovereign to take physical custody of a defendant retains "primary jurisdiction" until releasing that jurisdiction. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *Id.*

In this case, as noted above, the State of Missouri was the first to take physical custody of petitioner when they arrested him. At that time, he remained in the state's custody until he was taken by writ into the custody of the federal government to be prosecuted for the federal crime of bank robbery, pursuant to the *writ of habeas corpus ad prosequendum*. Yet, even the transfer of physical control over petitioner's custody did not terminate Missouri's primary jurisdiction over petitioner. *See Hayes*, 535, F.3d at 910 (federal sentence did not commence during or after the

6

period of *writ of habeas corpus prosequendum* but rather after service of state sentence). Rather, petitioner remained subject to Missouri's primary jurisdiction and was temporarily on loan to the United States.

Moreover, a state court is generally not empowered to release a state's primary jurisdiction. *See United States v. Dowdle*, 217 F.3d 610, 611 (8th Cir. 2000) ("Because the state's jurisdiction was relinquished by a state judge, rather than the prosecutor or a representative of the state executive branch, the relinquishment was ineffective and Dowdle's status was a state prisoner was unchanged."). And, it is "well-settled that the state court's intent [regarding concurrent or consecutive sentences] is not binding [on the federal courts or the BOP]." *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007). The non-binding nature of the state court's intentions are, understandably, frustrating to criminal defendants because the "state court's action raises the defendant's expectations but does not resolve the issue." *Id.*

In conclusion, to the extent petitioner's arguments amount to an attack on the primary jurisdiction doctrine, or a challenge to the BOP's failure to honor the state court's intentions, the Court must reject such arguments, as Missouri obtained primary jurisdiction in his case when they arrested him in early April of 2012. In fact, it appears that the State of Missouri has still not released primary jurisdiction over petitioner.

To the extent that petitioner's assertions encompass additional arguments, they will be addressed below.

### B. Petitioner's Claims Relating to The District's Court's Silence Regarding Concurrent Sentences

From a review of petitioner's arguments in this case, as well as his arguments in prior § 1983 actions in this Court, it appears that petitioner is also asserting that the BOP, or the federal government, erred in interpreting the federal sentencing court's silence as triggering a default

7

status of consecutive sentences. Petitioner asserts this should not be so, especially given the state court's explicit sentencing to a concurrent sentence, with his federal sentence.

Pursuant to 18 U.S.C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Petitioner's state and federal sentences were imposed at different times, and the **federal sentencing court** in this case did not order that the terms were to run concurrently. Accordingly, based on the plain language of the statute, it would appear that petitioner's federal sentence must run consecutive to his state sentence. As noted above, petitioner was in state custody when the state judge determined that his state sentence should run concurrently with his federal sentence.

However, petitioner's federal sentence will not begin until petitioner has already served his state sentence in this instance, as his federal sentence is silent on whether the terms are to be served consecutively or concurrently. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.")

It is true, federal district courts possess the authority to order federal sentences to run concurrent with, or consecutive to, yet-to-be-imposed state sentences. *See Setser v. United States*, --U.S.--, 132 S.Ct. 1463, 1468 (2012). And the BOP also possesses discretionary authority to designate a state facility as a place for federal confinement pursuant to 18 U.S.C. § 3621.[6] However, the BOP cannot act as a de facto sentencing authority. *Setser*, 132 S.Ct. at

---

[6]The BOP may do this in advance of prisoner placement or through a *nunc pro tunc* order designating the state facility after the fact. *See, e.g., Dunn v. Sanders,* 247 Fed. Appx. 853, 854 (8th Cir. 2007). In exercising this authority, the BOP is to consider several statutory factors listed in § 3621(b) as well as factors set forth in BOP Program Statement 5160.05. One of these factors is the federal sentencing court's intent.

1470. Rather, it is up to the federal sentencing court to explicitly state whether the federal sentence will run concurrently with the state sentence.[7]

Although petitioner may think that the statutory framework is unfair in situations such as his, when the district court is unsure of developments that take place after its own sentencing, he should be assured that the Act does provide a mechanism for relief. Section 3582(c)(1)(A) provides that a district court,

> upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment. . .after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . .extraordinary and compelling reasons warrant such a reduction [or that the defendant meets other criteria for relief].

In his petition for relief, petitioner does not state specifically whether he has gone through the BOP's Administrative Remedy Program, see 28 C.F.R. § 542.10 et seq. (2011), or whether he has written to his sentencing judge regarding the matter. **The Court believes that these are petitioner's last two avenues for relief.**

As noted above, petitioner simply has no relief available to him under § 2241 in this Court. Nor can petitioner affect such relief under § 2254. Thus, the Court has no other recourse than to deny and dismiss petitioner's application for writ of habeas corpus.

Accordingly,

---

[7]A federal prisoner cannot receive a so-called "double credit," that is, a credit for the time already credited against his state sentence. See United States v. Wilson, 503 U.S. 329, 337 (1992) (in enacting 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"). That said, a federal prisoner is entitled to a so-called "prior custody credit" for the time he spent in detention before his federal sentence began, that is, if that this period has not already been credited against his other sentence. See 18 U.S.C. § 3585(b) ("prior custody credit" is proper if the detention resulted either from the offense for which the sentence was imposed or from "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed [provided that such period] has not been credited against any other sentence").

**IT IS HEREBY ORDERED** petitioner's motions for leave to proceed in forma pauperis [Doc. #2, #6 and #11] are **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's request for habeas corpus relief, relating to the execution of his state and federal sentences, as interpreted by this Court as a § 2241 petition, is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order. Dated this <u>6th</u> day of June, 2016.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE